# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
         Plaintiff, ) Case No. 2:13-cr-00301-APG-CWH
vs. ) **ORDER**
PAUL EDWARD DAVIS, )
         Defendant. )

This matter is before the Court on Defendant Paul Edward Davis' Motion to Reconsider Detention Order (#42), filed November 12, 2013, and the Government's Response (#44), filed November 20, 2013.

## BACKGROUND

On July 31, 2013, Defendant Davis made his Initial Appearance on a complaint charging him with (1) possession of controlled substance, methamphetamine, with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (2) possession of a controlled substance, marijuana, with intent to distribute in violation of 21 U.S.C. § 841(a)(1).[1] After his initial appearance, the Government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f).[2] Davis did not contest

---

[1] During Davis' Initial Appearance, the Court scheduled a preliminary hearing for August 14, 2013. However, on August 6, 2013, the Grand Jury returned an Indictment charging Davis with (1) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (2) possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Thus, the scheduled preliminary hearing was vacated. Defendant was arraigned on the Indictment on August 16, 2013.

[2] Based on the charges in this case, a rebuttable presumption was triggered "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *See* 18 U.S.C. § 3142(e)(3)(A). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citation omitted). Once rebuttal evidence is submitted, the court considers the four factors set forth in 18 U.S.C. § 3142(g) to determine whether pretrial detention is appropriate. *Id*. The factors are considered "only in terms of the likelihood that the person will fail to appear or will pose a danger to any person

1 any aspect of the Government's proffer and submitted to detention. Based on the information and
2 arguments set forth in the detention hearing, the Court issued a detention order finding that Davis
3 was a serious risk of non-appearance and danger to the community. *See* Order (#6). In reaching its
4 conclusion the Court noted:

> Based on the information as set forth in the government's proffer, as well as the information provided to the Court by Pretrial Services, the Court finds that the defendant poses a substantial risk of danger to the community and a substantial risk of nonappearance. The defendant's prior criminal history record reflects two prior felony convictions and three prior misdemeanor convictions. On the advice of counsel, the defendant did not interview with Pretrial Services, accordingly, the Court does not have information regarding the defendant's residence or residential history in this or any other community, family ties, employment history, financial resources, mental or physical health, or whether the defendant uses or abuses controlled substances or alcohol. The Court finds there are no conditions or combination of conditions that the Court could fashion at this time that would reasonably assure the defendant's appearance at future court proceedings, accordingly, the defendant is ordered detained pending trial.

*Id*. Thus, Davis was ordered detained pending trial.

Though styled as a motion to reconsider, the motion currently before the Court will be treated as a request to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). Davis' counsel asserts that the undersigned should reconsider the prior detention order because: (1) Davis is not a flight risk, (2) Davis is a productive member of the community of Topeka, Kansas, (3) Davis is employed as a truck driver, and (4) Davis has a history of complying with court instructions. Based on this information, Davis argues that he is not a danger to the community and should be released either on his own recognizance or subject to conditions. The Government opposes the motion, arguing that the information presented is neither new nor material.

## **DISCUSSION**

Pursuant to 18 U.S.C. § 3142(f), the court may reopen a detention hearing at any time prior to trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as

---

or to the community." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Of the factors set forth in section 3142(g), the weight of evidence is the least important, as the statute "neither requires nor permits a pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (citations omitted).

required and the safety of any other person and the community.

Courts interpret this provision strictly. *E.g.*, *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D. Cal. 1999); *United States v. Dillon*, 938 F/2d 1412, 1415 (1st Cir. 1991).[3] The rule requires that the movant establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness. *See United States v. Bowens*, 2007 WL 2220501 (D. Ariz.) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)). Generally, once a detention hearing is reopened, "it is reopened for the purpose of the court's receiving any information, within reason, not submitted at the original detention hearing." *United States v. Barksdale*, 2008 WL 2620380, n. 3 (E.D. Cal.). This allows new information to be considered in context. *Id*.

The information presented by Davis is not new. Davis' employment, ties to the community of Topeka, Kansas, and history of complying with court instructions were known prior to the detention hearing. Nevertheless, the information was not presented during the initial hearing, where Davis conceded the issue of detention. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Paul Edward Davis' Motion to Reconsider Detention Order (#42) is **denied**.

DATED: November 22, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[3] The rationale for the rule is discussed in *United States v. Flores*, 856 F.Supp. 1400 (E.D. Cal. 1994). "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held . . . . [a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Flores*, 856 F.Supp at 1406.