**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Case No. 2:13-cr-00301-APG-CWH |
| vs. | ) ) | **ORDER** |
| PAUL EDWARD DAVIS, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Defendant Paul Davis' Motion for Recusal (#47), filed December 2, 2013.

## BACKGROUND

On July 31, 2013, Defendant Davis ("Davis") made his Initial Appearance on a complaint charging him with (1) possession of controlled substance, methamphetamine, with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (2) possession of a controlled substance, marijuana, with intent to distribute in violation of 21 U.S.C. § 841(a)(1).[1] After his initial appearance, the Government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f). Davis conceded pretrial detention and was ordered detained as a serious risk of non-appearance and danger to the community. (#6). Shortly thereafter, Davis' initial court-appointed counsel was granted leave to withdraw and a new attorney appointed. (#31). The undersigned also denied Davis' motion to reopen detention. (#46). Currently, trial is scheduled to commence on February 10, 2014. There is a pending motion to dismiss the indictment (#21) scheduled for hearing on

---

[1] During Davis' Initial Appearance, the Court scheduled a preliminary hearing for August 14, 2013. However, on August 6, 2013, the Grand Jury returned an Indictment charging Davis with (1) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (2) possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Thus, the scheduled preliminary hearing was vacated. Defendant was arraigned on the Indictment on August 16, 2013.

December 20, 2013.

The motion currently before the Court was filed by Davis, not his attorney. The motion requests that the undersigned be recused or disqualified based on Davis' belief that there has been "a lack of respect" shown for him and for the law. The crux of the unauthorized motion is that the undersigned should be disqualified based on Davis' disagreement with the determination that he be detained pending trial. Davis contends that the detention decision was contrary to law and a clear indication that the undersigned is "discriminating with great hypocrisy and bigotry." Davis goes on to call the pretrial detention decision "cowardly" and "non-sense." Davis concludes his unauthorized motion by opining that the representation from his attorney during pretrial proceedings and the decision regarding pretrial detention were "filthy" and "racist."

## DISCUSSION

**A. Unauthorized Motion**

Before addressing Davis' motion, the Court notes that it was not filed through his appointed counsel. "A party who has appeared by attorney cannot while so represented appear or act in the case." Local Rule IA 10-6(a). Normally, the Court does not consider motions not filed through a party's attorney. Nevertheless, the undersigned will exercise his discretion to consider the request that he be disqualified or recused.

**B.      Standard for Disqualification or Recusal**

Davis cites no authority to support his request that the undersigned recuse himself or be disqualified.[2] There are two federal statutes addressing the standards for recusal: 28 U.S.C. §§ 144 and 455. "A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)). Under either section 144 or section 455 the substantive test for bias or prejudice is identical, but the procedural requirements of the two sections are different. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir.

---

[2] This is another way in which the motion runs afoul of this Court's Local Rules, which require any motion to be supported by points and authorities. "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Local Criminal Rule 47-9.

1980).  The Court will address each in turn.

**C.  28 U.S.C. § 144**

Judicial integrity is imperative.  *Stone v. Powell*, 428 U.S. 465 (1976).  Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The legal sufficiency of a motion under section 144 is determined by the judge against whom recusal is sought.  *United States v. Azhocar*, 581, F.2d 735, 738 (9th Cir. 1978).  Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to "proceed no further" in the case.  *Id*. (citations omitted).  The affidavit must "state facts and reasons which tend to show personal bias and prejudice regarding justiciable matter pending and must give support to the charge of a bent of mind that may prevent or impede impartiality or judgement."  *Hussein v. University and Community College System of Nevada*, 2010 WL 3385298 (D. Nev.) (citation omitted).  The facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice.  *Id*. (citation omitted).

Davis has not submitted the required affidavit of prejudice and, therefore, any request for recusal under section 144 is improper.  *See United States v. Perry*, 1990 WL 43730 (D. Nev.) (the affidavit filed pursuant to section 144 must allege specific facts that fairly support the contention that the judge exhibits bias or prejudice that stems from an extrajudicial source).  Moreover, the only reason offered in support of the request is Davis' disagreement with the decision on pretrial detention.  The mere fact that a judge has ruled adversely to a party has no tendency to establish the requisite type of bias for the purpose of recusal.  *See U.S. v. McTiernan,* 695 F.3d 882, 893 (9th Cir.2012) ("A judge's prior adverse ruling is not sufficient cause for recusal."), *cert. denied*, *McTiernan v. United States*, 133 S.Ct. 964.  "Adverse judicial rulings almost never constitute a valid basis for a bias or partiality motion."  *See Liteky v. US*, 510 U.S. 540, 555 (1994)).  Lastly, threatening to sue a judge or hurling "intemperate or scurrilous attacks" does not support disqualification. *McDonald v. Kirkpatrick*, 2008 WL 803130 (W.D. Wash.) (citations omitted).

3

**D.     28 U.S.C. § 455**

Section 455, unlike section 144, sets forth no procedural requirements.  It is directed to the judge rather than the parties and is self-enforcing on the part of the judge who must recuse himself if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  *See United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980).  Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  In contrast, subsection (b) is narrower, requiring recusal only under specific, identifiable circumstances.  28 U.S.C. § 455(b)(1-5).[3]

Under either subsection, recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir .2008) (quotation omitted).  The source of any alleged bias must be extrajudicial.  *Liteky*, 510 U.S. 540.  Unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible," judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal.  *Id*.; *Pesnell*, 543 F.3d at 1044.  Judicial rulings will only support a motion for recusal "in the rarest of circumstances."  *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994).

Although a judge must recuse himself from any proceeding in which any of the above-noted criteria apply, he must not simply recuse out of an abundance of caution when the facts do not warrant recusal.  Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate.  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); *see also United States v. Sierra Pac. Indus.*, 759 F.Supp.2d

---

[3]  These circumstances include when a judge: (1) has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the matter in controversy when in private practice; (3) has served in government employment and in such capacity participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he or a family member is a party to the suit.

4

1198, 1200–01 (E.D. Cal. 2010).

As with Davis' claim under section 144, there is no basis to question the undersigned's impartiality in this case and Davis' allegations do not meet the standard for recusal. Davis has simply made a series of intemperate, scurrilous claims in expressing his displeasure regarding the decision on pretrial detention. The undersigned's pretrial order on detention was decided fairly and impartially.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Paul Davis' Motion for Recusal (#47) is **denied**.

DATED: December 6, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**